IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **LISA CLARK** | ) | **CASE NO:** |
| 6050 Ridge Run Drive | ) | **JUDGE:** |
| Warren, OH 44481 | ) | |
| | ) | **COMPLAINT** |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | **Type: Products Liability** |
| | ) | |
| **C. R. BARD, INC.** | ) | |
| c/o Statutory Agent | ) | |
| CT Corporation System | ) | |
| 4400 Easton Commons Way | ) | |
| Suite 125 | ) | |
| Columbus, OH 43219 | ) | |
| | ) | |
| **Defendant** | ) | |

Comes now Plaintiff Lisa Clark, by and through counsel, and for her Complaint against Defendant C.R. Bard, Inc., states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.  Plaintiff Lisa Clark is a resident of Trumbull County and a citizen of Ohio, and the mesh was implanted and the injuries complained of occurred in Trumbull County, Ohio.

2.  Defendant C. R. Bard, Inc. ("Defendant") is a New Jersey corporation with its principal place of business in New Jersey. All acts and omissions of Defendant as described herein were done by its agents, servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employments and/or ownership.

1

3.     Upon information and belief, Defendant has significant contacts with Ohio and this county in particular by the sale of its surgical Products to hospitals in Trumbull County, such that it is subject to personal jurisdiction within this jurisdiction.

4.     A substantial part of the events and omissions giving rise to Plaintiff's causes of action occurred in Trumbull County, Ohio, and Defendant's principal place of business is in New Jersey.

5.     The subject matter jurisdiction of this Court is based upon diversity of citizenship pursuant to 28 U.S.C.S. § 1332 (1998), and the matter has a value in excess of $75,000.

6.     Venue is proper in the Northern District of Ohio, Eastern Division, as the Plaintiff is a resident of Warren, Trumbull County, Ohio; the matters herein occurred in Warren, Trumbull County, Ohio, and Defendant has its principle place of business in New Jersey.

## FACTUAL BACKGROUND

7.     On August 13, 2014 Plaintiff Lisa Clark was implanted with Bard Ventralight Mesh (Ref. 5955790; Lot No. HUYB1134) during surgery to repair a hernia, performed by Dr. Lawrence Damico at Trumbull Memorial Hospital in Warren, Ohio.

8.     As a result of having the Products implanted in her, Plaintiff Lisa Clark has experienced significant physical pain and suffering, has sustained permanent injury, and permanent and substantial physical deformity, has undergone multiple corrective surgeries and is expected to undergo additional corrective surgeries,

has incurred significant medical expenses, has suffered a significant loss of enjoyment of life, as well as, annoyance and inconvenience and great embarrassment.

9. Defendant designed, manufactured, marketed, packaged, labeled, and sold the Products that were implanted in Plaintiff Lisa Clark.

## CAUSES OF ACTION

### COUNT I: NEGLIGENCE

10. Plaintiff incorporates by reference paragraphs 1-9 of the Complaint as if fully set forth herein.

11. Defendant had a duty to individuals, including Plaintiff Lisa Clark, to use reasonable care in designing, manufacturing, marketing, labeling, packaging and selling the Products.

12. Defendant was negligent in failing to use reasonable care in designing, manufacturing, marketing, labeling, packaging and selling the Products.

13. As a direct and proximate result of Defendant's negligence, the Plaintiff Lisa Clark was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe loss of enjoyment of life, financial or economic loss, including but not limited to obligations for medical services and expenses, present and future lost wages, and other damages.

### COUNT II: STRICT LIABILITY – DESIGN DEFECT

14. Plaintiff incorporates by reference paragraphs 1-13 of the Complaint as if fully set forth herein.

3

15. The Products implanted in Plaintiff Lisa Clark were not reasonably safe for their intended use and were defective as a matter of law with respect to their design.

16. As a direct and proximate result of the Products' aforementioned defects, Plaintiff Lisa Clark was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe loss of enjoyment of life, financial or economic loss, including but not limited to obligations for medical services and expenses, present and future lost wages, and other damages.

17. Defendant is strictly liable to Plaintiff Lisa Clark for designing, manufacturing, marketing, labeling, packaging and selling these defective Products.

### COUNT III: STRICT LIABILITY - MANUFACTURING DEFECT

18. Plaintiff incorporates by reference paragraphs 1-17 of the Complaint as if fully set forth herein.

19. The Products implanted in Plaintiff Lisa Clark were not reasonably safe for their intended use and were defective as a matter of law with respect to their manufacture.

20. As a direct and proximate result of the Products' aforementioned defects, Plaintiff Lisa Clark was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe loss of enjoyment of life, financial or economic loss, including but not limited to obligations for medical services and expenses, present and future lost wages, and other damages.

21. Defendant is strictly liable to Plaintiff Lisa Clark for designing, manufacturing, marketing, labeling, packaging and selling these defective Products.

### COUNT IV: STRICT LIABILITY – FAILURE TO WARN

22. Plaintiff incorporates by reference paragraphs 1-21 of the Complaint as if fully set forth herein.

23. The Products implanted in Plaintiff Lisa Clark were not reasonably safe for their intended use and were defective as a matter of law due to their lack of appropriate and necessary warnings.

24. As a direct and proximate result of the Products' aforementioned defects, Plaintiff Lisa Clark was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe loss of enjoyment of life, financial or economic loss, including but not limited to obligations for medical services and expenses, present and future lost wages, and other damages.

25. Defendant is strictly liable to Plaintiff Lisa Clark for designing, manufacturing, marketing, labeling, packaging and selling these defective Products.

### COUNT V: BREACH OF EXPRESS WARRANTY

26. Plaintiff incorporates by reference paragraphs 1-25 of this Complaint as if fully set forth herein.

27.  Defendant made assurances to the general public, hospitals and health care professionals that the Products were safe and reasonably fit for their intended use and purpose.

28.  Plaintiff Lisa Clark and/or her health care provider chose the Products based upon Defendant's warranties and representations regarding the safety and fitness of the Products.

29.  Defendant breached these express warranties because the Products implanted in Plaintiff Lisa Clark were unreasonably dangerous and defective and not fit for their intended use and purpose as Defendant had represented.

30.  Defendant's breach of its express warranties resulted in the implantation of unreasonably dangerous and defective Products in Plaintiff Lisa Clark 's body, placing said Plaintiff's health and safety in jeopardy.

31.  As a direct and proximate result of Defendant's breach of the aforementioned express warranties, Plaintiff Lisa Clark was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe loss of enjoyment of life, financial or economic loss, including but not limited to obligations for medical services and expenses, present and future lost wages, and other damages.

### COUNT VI: BREACH OF IMPLIED WARRANTY

32.  Plaintiff incorporates by reference paragraphs 1-31 of this Complaint as if fully set forth herein.

33.  Defendant impliedly warranted that the Products were merchantable and were fit for their ordinary purpose for which they were intended.

6

34. When the Products were implanted in Plaintiff Lisa Clark to treat her hernia conditions, the Products were being used for the ordinary purposes for which they were intended.

35. Plaintiff Lisa Clark , individually and/or by and through her physician, relied upon Defendant's implied warranty of merchantability in consenting to surgery that resulted in the implantation of Defendants' Products.  At no time prior to the insertion of the products was Plaintiff warned of the risks associated with the insertion of mesh products containing polypropylene.

36. Defendant breached this implied warranty of merchantability because the Products implanted in Plaintiff Lisa Clark were neither merchantable nor suited for their intended use as warranted.

37. Defendant's breach of its implied warranty resulted in the implantation of unreasonably dangerous and defective Products in Plaintiff Lisa Clark body, placing said Plaintiff's health and safety in jeopardy.

38. As a direct and proximate result of Defendant's breach of the aforementioned implied warranty, Plaintiff Lisa Clark was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe loss of enjoyment of life, financial or economic loss, including but not limited to obligations for medical services and expenses, present and future lost wages, and other damages.

### COUNT VII: PUNITIVE DAMAGES

39. Plaintiff incorporates by reference paragraphs 1-38 of this Complaint as if fully set forth herein.

40. Defendant knew that these Products were defective and presented unreasonable risks of harm to the public, including Plaintiff Lisa Clark, but continued to market said Products without providing adequate warnings of their risks.

41. Defendant's conduct as described in this Complaint, for which Plaintiff Lisa Clark is entitled to recover all compensatory damages as allowed by law, manifested a conscious indifference to, and/or flagrant disregard of, the safety of those persons who might foreseeably have been harmed by the Products, including Plaintiff Lisa Clark, and such behavior was intentional, willful, wanton and malicious, justifying the imposition of punitive damages.

   **WHEREFORE,** Plaintiff Lisa Clark demands judgment against Defendant for compensatory and punitive damages in an amount greater than $2,700,000, as well as costs, attorney fees, applicable interest, and any other relief, monetary or equitable, to which she is entitled.

Respectfully submitted

 /s/ Stanley P. Aronson (0024836)
STANLEY P. ARONSON
3085 W. Market Street, Suite 130
Akron, OH 44333
Telephone: (330) 836-5500
Aronsonlaw@gmail.com
Attorney for Plaintiff


/s/ Jennifer Phillips    (NC 36992)

JENNIFER PHILLIPS
3085 W. Market Street, Suite 130
Akron, OH 44333
Telephone: (330)     836-5500
Aronsonlaw@gmail.com
Attorney for Plaintiff